UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

ISA MARTIN,

**AMENDED
COMPLAINT**

Plaintiff,

08 CV 5183 (ENV)(JO)

-against-

<u>Jury Trial Demanded</u>

CITY OF NEW YORK, ERIC PENA, RICHARD ORTIZ,
MANUEL SEPULVEDA, ROBERT WARSHEFSKIE, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

Defendants,

-----------------------------------------------------------------------------X

Plaintiff ISA MARTIN, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitution of the State of New York

and the United States.  Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      At all relevant times herein plaintiff ISA MARTIN was a resident of Richmond County.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants ERIC PENA, RICHARD ORTIZ, MANUEL SEPULVEDA, ROBERT WARSHEFSKIE and JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On June 13, 2007, in the late evening hours, plaintiff was lawfully in the vicinity of Castleton Avenue and Alaska Street, in Staten Island, New York.  At that time, he was approached by some of the defendants, who were on duty in plain-clothes.  The officers detained the plaintiff, and proceeded to unlawfully frisk plaintiff.  During the frisk, an officer reached into plaintiff's pants, touched plaintiff's testicles, and otherwise pulled his underwear and looked down his pants on a public street with a flashlight.  The officers then left the plaintiff without any explanation for their outrageous conduct.

14.     On June 14, 2007, at approximately 1:00 a.m., plaintiff was then lawfully near the vicinity of 20 Caroline Street, in Staten Island, New York, when the defendants, members of the New York City Police Department, unlawfully stopped, seized, searched and arrested the plaintiff.  Plaintiff was detained, subjected to excessively tight handcuffing, and taken against his will to the NYPD 120th Precinct.  During the booking process, plaintiff was subjected to an unlawful strip search wherein plaintiff was ordered to remove all of his clothing, and to squat and cough. Plaintiff was falsely arrested and charged by the defendants with committing violations of the New York Penal Law.  The defendants caused plaintiff to be held in jail until his arraignment in Richmond County Criminal Court on June 15, 2007.  Bail was set, and plaintiff was incarcerated on Rikers Island until approximately June 19, 2007, when he was released from custody.

3

15.     On or about June 16, 2007, at approximately 2:00 p.m., during the time he was incarcerated at Rikers Island in connection with the above-described malicious prosecution, plaintiff was viciously attacked by an inmate inside the Rikers Island OBCC facility, and sustained, among other injuries, a blowout fracture of the inferior orbital wall of his right eye.

16.     After court dates on or around July 24, 2007 and September 20, 2007, the malicious prosecution brought against plaintiff based on the defendants' allegations was dismissed, sealed, and otherwise deemed a legal nullity.

17.     All of the above-described events of June 13, 2007 and June 14, 2007, occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

18.     As a result of the foregoing, plaintiff ISA MARTIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

21.     All of the aforementioned acts deprived plaintiff ISA MARTIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

4

22.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ISA MARTIN'S constitutional rights.

27.     As a result of the aforementioned conduct of defendants, plaintiff ISA MARTIN was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants arrested plaintiff ISA MARTIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

5

30.    Defendants caused plaintiff ISA MARTIN to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

33.    As a result of the foregoing, plaintiff ISA MARTIN was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

34.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff ISA MARTIN by transmitting false and/or misleading information to the Staten Island District Attorney's Office that caused plaintiff to be prosecuted and incarcerated.

36.    As a result of the foregoing, plaintiff ISA MARTIN was deprived of his liberty, sustained severe injuries on Rikers Island, endured numerous strip searches and other procedures that are incidental to being incarcerate, and was otherwise deprived of his right to be free from malicious prosecution.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The public search of plaintiff on the street, and the subsequent strip search of plaintiff in the 120th precinct, were conducted in the absence of individualized reasonable suspicion that plaintiff possessed or was secreting any contraband or weapon at the time of the searches.

39.     As a result of the aforementioned conduct of defendants, plaintiff ISA MARTIN's Fourth and/or Fourteenth Amendment Rights were violated.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants had an affirmative duty to intervene on behalf of plaintiff ISA MARTIN, whose constitutional rights were being violated in their presence by other officers.

42.     The defendants failed to intervene to prevent the unlawful conduct described herein.

43.     As a result of the foregoing, plaintiff ISA MARTIN was put in fear of his safety, he was humiliated, and subjected to unjustified physical abuse and tight handcuffing. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

7

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The supervisory defendants, including, without limitation, former NYPD Sergeant ROBERT WARSHEFSKIE, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching and seizing citizens of African American or other minority descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ISA MARTIN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the

8

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ISA MARTIN.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ISA MARTIN as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ISA MARTIN as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ISA MARTIN was subjected to physical abuse and tight handcuffing.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ISA MARTIN'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff ISA MARTIN of federally protected rights, including, but not limited to, the right:

        A.    To be free from excessive force;

        B.    To be from false arrest;

        C.    To be free from malicious prosecution;

        D.    To be free from unlawful strip searches;

        E.    To be free from the failure to intervene; and

        F.    To receive equal protection under law.

55. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

61.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    As a result of the foregoing, plaintiff ISA MARTIN was placed in apprehension of imminent harmful and offensive bodily contact.

64.    As a result of defendant's conduct, plaintiff ISA MARTIN has suffered physical

pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants made offensive contact with plaintiff without privilege or consent.

67.     As a result of defendant's conduct, plaintiff ISA MARTIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

68.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

70.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

71.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

72.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ISA MARTIN.

11

73.     As a result of the aforementioned conduct, plaintiff ISA MARTIN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the physical abuse of plaintiff ISA MARTIN.

76.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff ISA MARTIN.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    Defendants arrested plaintiff ISA MARTIN without probable cause.

83.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

84.    As a result of the aforementioned conduct, plaintiff ISA MARTIN was unlawfully imprisoned in violation of the laws of the State of New York.

85.    As a result of the aforementioned conduct, plaintiff ISA MARTIN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86.    As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New York)

87.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

13

paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff ISA MARTIN by transmitting false and/or misleading information to the Staten Island District Attorney's Office that caused plaintiff to be prosecuted and incarcerated.

89.     As a result of the foregoing, plaintiff ISA MARTIN was deprived of his liberty, sustained severe injuries on Rikers Island, and was otherwise deprived of his right to be free from malicious prosecution.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Plaintiff was strip searched by the defendants, despite the lack of any individualized reasonable suspicion that plaintiff may have been in possession of contraband or a weapon at the time the search was conducted.

92.     As a result of the aforementioned conduct of defendants, plaintiff ISA MARTIN was strip searched in violation of New York law.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

14

**WHEREFORE**, plaintiff ISA MARTIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A) full and fair compensatory damages in an amount to be determined by a jury:

    (B) punitive damages in an amount to be determined by a jury:

    (C) reasonable attorney's fees and the costs and disbursements of their action; and

    (D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 22, 2009

                            LEVENTHAL & KLEIN, LLP
                            45 Main St., Suite 230
                            Brooklyn, New York 11201
                            (718) 722-4100

                            By: _____
                                BRETT H. KLEIN (BK4744)

                            Attorneys for Plaintiff ISA MARTIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ISA MARTIN,

                                        Plaintiff,

                                                                08 CV 5183 (ENV)(JO)


          -against-

CITY OF NEW YORK, ERIC PENA, RICHARD ORTIZ,
MANUEL SEPULVEDA, ROBERT WARSHEFSKIE and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities,(the names John and Jane Doe being fictitious,
as the true names are presently unknown),
                                        Defendants.

-------------------------------------------------------------------------X


**AMENDED COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ISA MARTIN
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100